LeBLANC, Judge.
Plaintiffs, Roger A. Rayne and Helen B. Rayne, filed suit against defendant, Francis Dickerson Barrington, seeking the return of $8,500.00 which was paid to defendant out of the proceeds of a sale of property (a tract of land with a house thereon) located at 3537 Chippewa Street in East Baton Rouge Parish, Louisiana.[1]
Mr. Glynn Dickerson and Francis Maggio Dickerson were married during the year of 1964. During May of 1965, the couple purchased the above-mentioned property with community funds. The couple obtained an Arkansas divorce approximately one and a *832 half years later, but never executed a community property settlement.
During 1969, Mrs. Dickerson allegedly signed a document entitled “Waiver of Interest”, in which she declared that she had no interest in the former family home located at 3537 Chippewa Street. Subsequently, Mr. Dickerson married Linda Cowen. Mrs. Francis Dickerson also remarried, taking the name of Barrington. On February 25, 1975, Glynn Dickerson sold the Chippewa Street property to Roger and Helen Rayne. Francis Dickerson Barrington was not involved in this sale. In conjunction with this sale, a title opinion was rendered by attorney Joseph E. Juban. Mr. Juban advised the Raynes that Francis Maggio Dickerson may have an interest in the property being sold “by virtue of an inadequate community property settlement” between Francis Maggio Dickerson and Glynn Dickerson. No contact was made with Mrs. Dickerson at this time. However, the Raynes purchased the property due to their belief that Mrs. Dickerson had allegedly executed the “Waiver of Interest”.
In May of 1986, the Raynes entered into a purchase agreement, agreeing to sell the Chippewa Street property to Emma Mae Dominique. However, the attorney who handled the closing of the sale, Mr. William T. Adcock, found that the public records established that Mrs. Francis Dickerson remained owner of a one-half interest in the subject property. At this point, Mr. Ad-cock contacted Mrs. Dickerson and advised her of her interest in the property. Since Mrs. Dickerson was not interested in executing a community property settlement in which she would alienate her interest in the subject property, Mr. Adcock advised the Raynes that Mrs. Dickerson should be a party to the sale and that Mrs. Dickerson was entitled to one-half of the proceeds of the sale. Based on this advice, the Raynes and Mrs. Dickerson sold the property to Mrs. Dominique on August 22, 1986. The sale document recognized that Mrs. Dickerson was selling her separate property. Mrs. Dickerson received $8,500.00 out of the proceeds of this sale.
The Raynes subsequently filed suit contending Mrs. Francis Dickerson Barrington had obtained the $8,500.00 by fraudulent means. Plaintiffs contend that defendant denied the authenticity of her signature on the “Waiver of Interest” when in fact the signature was authentic. Plaintiffs assert that they paid the $8,500.00 out of the proceeds of the sale to defendant only because defendant denied having signed the waiver.
The trial judge found that the signature on the “Waiver of Interest” was in fact defendant’s signature and that the waiver did transfer title to the Chippewa Street property from Francis Maggio Dickerson to Mr. Glynn Dickerson as of September 10, 1969. The trial judge further determined that Mrs. Dickerson had acted fraudulently in denying the authenticity of her signature on the “Waiver of Interest”. Based on this determination, the trial court rendered judgment ordering that the $8,500.00 paid by plaintiffs to defendant should be returned to plaintiffs. The trial court further rendered judgment in favor of plaintiffs for attorneys’ fees in the amount of $2,500.00. Defendant appeals the trial court’s judgment.
Defendant contends that the trial court erred in allowing the introduction into evidence of the “Waiver of Interest”.[2] During the trial, counsel for plaintiff introduced into evidence a duplicate of the “Waiver of Interest” that had allegedly been executed by defendant. Defense counsel objected to the “Waiver of Interest” being admitted into evidence since it was not the original document. The trial court overruled defense counsel’s objection and allowed the duplicate to be admitted into evidence.
La.C.E. arts. 1002-1004 are pertinent to this issue and provide as follows:
Art. 1002. Requirement of original
To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by this Code or other legislation.
*833 Art. 1003. Admissibility of duplicates
A duplicate is admissible to the same extent as an original unless:
(1) A genuine question is raised as to the authenticity of the original;
(2) In the circumstances it would be unfair to admit the duplicate in lieu of the original; or
(3) The original is a testament offered for probate, a contract on which the" claim or defense is based, or is otherwise closely related to a controlling issue.
Art. 1004. Admissibility of other evidence of contents
The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
(1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith;
(2) Original not obtainable. No original can be obtained by any available judicial process or procedure;
(3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing;
(4) Collateral matters. The writing, recording, or photograph is not closely related to a controlling issue; or
(5) Impracticality of producing original. The original, because of its location, permanent fixture, or otherwise, cannot as a practical matter be produced in court; or the cost or other consideration to be incurred in securing the original is prohibitive and it appears that a copy will serve the evidentiary purpose.
In the present case, the duplicate of the “Waiver of Interest” introduced by plaintiffs is not admissible pursuant to La. C.E. art. 1003 because a genuine question has been raised as to the authenticity of Mrs. Dickerson’s signature on the document, which is an integral part of plaintiffs’ claim of fraud.
Furthermore, we find that the duplicate is also not admissible as “other evidence of the contents of a writing” pursuant to La. C.E. art. 1004 because none of the requirements of art. 1004 have been met. Although the trial court indicated that the duplicate was admissible because the original was lost or had been destroyed, we find no evidence in the record to substantiate this finding. Linda Dickerson testified that she had possession of the original document after it was allegedly executed, but that she had given the original to Joseph Juban, at the time of the 1975 sale of the property to the Raynes, for the purpose of recording the document. However, the record contains no evidence that the original was actually recorded in the public records. No further evidence was presented to establish that the original document could not be obtained. Thus, we find plaintiffs have failed to prove that the original document has been lost or destroyed. Accordingly, we find that the duplicate of the “Waiver of Interest” should not have been admitted into evidence by the trial court.
After excluding the “Waiver of Interest” from the evidence in this case, we find the remaining evidence is insufficient to prove fraud.
La.C.C. art. 1953 provides:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
In order for plaintiffs to establish that defendant has acted fraudulently, plaintiffs must establish that defendant did not in fact own an interest in the subject property, but nevertheless maintained that she did own an interest in the property for the purpose of obtaining proceeds from the sale of the property. Although there was verbal testimony that defendant had in fact executed the “Waiver of Interest”, this evidence alone is insufficient to establish that defendant had in fact conveyed her undivided one-half interest in the property to Mr. Dickerson.
*834 La.C.C. art. 1839 provides, in pertinent part, that “a transfer of immovable property must be made by authentic act or by act under private signature.” Furthermore, La.C.C. art. 1832 provides, “[w]hen the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost or stolen.” Since plaintiffs have not proven that the original “Waiver of Interest” was destroyed, lost or stolen, the contents of this document cannot be established by verbal testimony.
Furthermore, since plaintiffs have not established that defendant does not own an interest in the subject property, they have not established that her involvement in the sale of the property to Mrs. Dominque was fraudulent.
For the above reasons, the judgment of the trial court is reversed. All costs of this appeal are to be paid by appellees.
REVERSED.

. The property was further identified as Lot 4 of Prescott Place Subdivision.

. Several other assignments of error also raised by defendant have been pretermitted.