11 JONES, Judge.
Appellant, Cathy Smith a/k/a Cinthia Finch, was charged by bill of information with forgery wherein the original amount of a check for 184.70 was changed to $3150.00. The jury found her guilty as charged, and the trial court sentenced her to serve two years at hard labor, suspended, and she was placed on five years active probation with special conditions. We affirm her conviction and sentence.

STATEMENT OF FACTS

On May 30, 1990, at approximately 6:30 p.m., Mr. Harold Demolle stopped by Fre-min’s I.GA. Supermarket. There he encountered the defendant, who was crying. She conveyed to him that the manager of the store, Mr. Danny Fremin, would not cash her check. Mr. Fremin had refused to cash the check because defendant had no identification. Because Mr. Demolle knew Mr. Fre-min, he offered to help by eo-endorsing the cheek which had already been endorsed with the name Aileen Cano.
|2The check was returned to the supermarket unpaid, whereupon Mr. Fremin contacted the sheriffs office and filed a complaint. Thereafter, Detective Ernie Davis conducted a photographic line-up with Mr. Demolle who, without hesitation, positively identified the defendant.
Aileen Cano testified that in May of 1990, she was on sick leave disability from Martin Marietta. While on disability, Ms. Cano received a regular check from Connecticut General, an insurance company. She stated that the checks usually range from $150 to $200, and that this particular check was issued for $184.70. After being shown a photostatic copy of the check, Ms. Cano testified that the signature on the back of the check was not hers, and that she did not authorize the appellant to sign her name.
Officer James Dupuis with the New Orleans Police Department compared the signature on the back of the check with a handwriting exemplar obtained from the appellant and concluded that both were written by the *194 same person. The comparison was made from a photostatic copy of the forged check.

ERRORS PATENT REVIEW

None.

ASSIGNMENT OF ERROR

In her sole assignment of error, appellant asserts that the trial court erred in admitting into evidence a duplicate copy of the forged check. At trial only a photostatic copy of the cheek was introduced by the state.
La.C.E. arts. 1002-1004 are relevant to this issue and provide as follows:
Art. 1002. Requirement of original
To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided by this Code or other legislation.
Art. 1003. Admissibility of duplicates
laA duplicate is admissible to the same extent as an original unless:
(1) A genuine question is raised as to the authenticity of the original;
(2) In the circumstances it would be unfair to admit the duplicate in lieu of the original; or
(3) The original is a testament offered for probate, a contract on which the claim or defense is based, or is otherwise closely related to a controlling issue.
Art. 1004. Admissibility of other evidence of contents
The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if:
(1) Originals lost or destroyed. All originals are lost or have been destroyed; unless the proponent lost or destroyed them in bad faith;
(2) Original not obtainable. No original can be obtained by any available judicial process or procedure;
(3) Original in possession of opponent. At a time when an original was under the control of the party against whom offered, he was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and he does not produce the original at the hearing;
(4) Collateral matters. The writing, recording, or photograph is not closely related to a controlling issue; or
(5) Impracticality of producing original. The original, because of its location, permanent fixture, or otherwise, cannot as a practical matter be produced in court; or the cost or other consideration to be incurred in securing the original is prohibitive and it appears that a copy will serve the evidentiary purpose.
In the case at hand, appellant argues that the duplicate of the forged check is inadmissible under La.C.E. art. 1003 because a check is a contract to pay and because the check is the controlling issue in the case. In support of her argument, appellant refers to Official Comment (c) in which it is noted that the Article eliminates the possibility of a photostatic duplicate of a promissory note being ^employed in a suit for payment, only to have a claimant bearing the original note present it for payment at a later date. Regardless, the issue in this case is not a suit for payment.
On the other hand, the forged cheek is the central issue in appellant’s case. Therefore, assuming that the check may not be admissible under La.C.E. art. 1003, it may nevertheless be admissible under La.C.E. art. 1004. Under Article 1004, the state must explain its reasons for not producing the original cheek.
Here, when asked whether the District Attorney’s Office had the original check, the state replied that it could not be found. Appellant argues that the state’s explanation is insufficient.
In an effort to bolster her argument, appellant cites Rayne v. Barrington, 575 So.2d 831 (La.App. 1st Cir.1990), wherein the court held that a copy of a waiver of interest form in real property, allegedly signed by the former owner of the property, was not admissible. The issue was whether the original form had been signed by the former owner. In addition to Rayne involving a civil matter, the present case differs in that appellant does not allege that the purported copy does not accurately reflect the original.
*195 There appears to be no cases on point. In State v. Hensley, 608 So.2d 664 (La.App. 3rd Cir.1992), writ den. 613 So.2d 972 (La.1993), the defendant alleged that photocopies of money taken from victims of an armed robbery were inadmissible. He argued that the actual money constituted the best evidence.
In finding the photocopies admissible, the Third Circuit noted that the money was given to the victims so that they could make it back home to Arizona. Additionally, the defendant did not allege that the photostatic reproduction of the currency was not an accurate duplication of the currency. Under State v. Vincent, 338 So.2d 1376 (La.1976), admission over objection of a copy of an original is |5reversible error only upon a showing that the content of the purported copy does not accurately reflect that of the original. Hensley, 608 So.2d at 667, 668. Furthermore, in addition to the check, Harold Demolle made a positive identification of appellant as the woman who cashed the check. As noted earlier, appellant does not allege that the copy of the check is not an accurate duplication of the cheek. In addition, the state informed the court that the original check could not be located, and appellant has not alleged any bad faith on the part of the state. Accordingly, defendant’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED.