454 So.2d 200 (1984)
E. Stanley ANDERSON
v.
Freda O. GREEN.
No. 83 CA 0942.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Rehearing Denied August 24, 1984.
Writ Denied November 9, 1984.
*201 Jesse P. LaGarde of Edwards & LaGarde, Amite, for E. Stanley Anderson.
Richard D. McShan of Law Offices of W. Hugh Sibley, Greensburg, for Freda O. Green.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
The plaintiff, E. Stanley Anderson, sued Freda O. Green, the defendant, for the balance due on a contract for the construction of a gravel road and installation of drainage culverts on her property. The defendant reconvened for damages for defective workmanship and for a defective culvert. The trial court awarded the plaintiff the sum of $19,615.00, representing $22,615.00 for the amount of the contract, and extras, subject to a credit of $2,000.00 previously paid, and less $1,000.00 for repair of the road. From this judgment defendant has appealed. We amend, and affirm as amended.
Defendant, Freda O. Green, and her daughter, Carol Amato, are the owners of about 130 acres in rural Tangipahoa Parish. During the spring of 1981, Mrs. Green contacted Stanley Anderson to see about having a road built on the property. This road was to be built with the necessary culverts, so that Mrs. Green and her daughter would have a roadway back to houses which they planned to construct on the property. Mrs. Green met with Mr. Anderson on the property, at which time she explained the project. Thereafter, he sent her an estimate of the cost of the project in the amount of $14,800.00. No plans or specifications were provided by Mrs. Green, and Mr. Anderson did not specify exactly what work he planned to do in fulfilling the contract, but a tankcar was to be used as a culvert. No action was taken after this meeting because Mrs. Green was not ready to start the project. Approximately eight months later, Mrs. Green contacted Mr. Anderson about proceeding with the project. At this time they agreed on the contract price. There was some discussion about the type of culvert; but the tankcar agreed upon in the original proposal was no longer available, so Mr. Anderson substituted an arched metal pipe between six and seven feet in diameter, with several metal struts and a wire grid or grate on the upstream end to keep out debris, to be used as a culvert so the roadway could cross the stream running through the property. From the record we determine that the contract price was $14,800.00. Mr. Anderson testified that was the price quoted to Mrs. Green and to which she agreed. A copy of this proposal is in evidence.
The record establishes also that additional work was required to complete the *202 project, such as a reinforced concrete slab over the culvert in the stream, a wingwall and a guard rail, and that the extras ordered by Mrs. Green amounted to $4,615.00. We figure the total price, including the extras, to be $19,415.00. Of this amount, Mrs. Green has paid the sum of $2,000.00, for which she is entitled to receive a credit, leaving a balance due of $17,415.00.
In a building contract case, the contractor is entitled to recover the contract price even though defects or omissions are present when he has "substantially performed" the contract. "Substantial performance" in such case means that the construction is fit for the purpose intended despite the deficiencies. This is a factual determination to be made by the trial judge. Factors bearing on this factual determination include: the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed. Rudy Brown Builders, Inc. v. St. Bernard Linen Service, Inc., 428 So.2d 534 (La.App. 4th Cir.1983).
There was considerable testimony on behalf of both parties concerning the performance of the contract, the quality of the workmanship and the suitability of the metal pipe as a culvert. These issues were resolved in favor of the contractor by the trial judge. Our review of the record leads us to the conclusion that the trial judge was not clearly wrong in the fact-finding that the contractor had substantially performed the contract. Pete's Plumbing and Heating, Inc. v. Geissert, 413 So.2d 554 (La.App. 4th Cir.1982).
Where there has been substantial performance of the contract, the remedy of an owner who complains of the defective or incomplete work is to prove (a) the existence of the defects or omissions and (b) the cost of repairing the defective work or completing the unfinished work. If the owner discharges his burden of proof, recovery by the contractor of the total contract price will be reduced by the cost of correcting or completing the work. LSA-C.C. art. 2769; Design & Corrosion Engineering, Inc. v. Piggly Wiggly of Mansfield, Inc., 408 So.2d 292 (La.App.2nd Cir. 1981). The trial court allowed the owner the sum of $1,000.00 for repairs to the roadway. The record supports this amount. Deducting this amount from the balance of the contract price and extras due to Mr. Anderson leaves an amount of $16,415.00. This figure represents the correct amount to which the contractor is entitled, as reflected by the record. Thus we amend the judgment appealed to reduce the award from the sum of $19,615.00 to Mr. Anderson to the sum of $16,415.00, with legal interest. As amended, the judgment is affirmed. All costs to be paid by appellant, Freda O. Green.
AMENDED AND AFFIRMED.