479 So.2d 431 (1985)
Marvin GUITREAU
v.
William JUNEAU, et al.
No. CA 84 0899.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*432 Glenn Cambre, Gonzales, James Zito, Baton Rouge, for defendant-appellant William Juneau.
Mike Matthews, Gonzales, for plaintiffs-appellees Marvin and Janet Guitreau.
Vincent Sotile, Donaldsonville, for defendants Ascension Parish Police Jury and Ascension Parish Planning Com'n.
Pegram Mire, Gonzales, for third-party defendant Sorrento Lumber Co.
O'Neal Walsh, Baton Rouge, for third-party defendant A.D.C.O. Engineers & Planners Inc.
James Zito, Baton Rouge, for defendant-appellant William Juneau.
Before WATKINS, SHORTESS and ALFORD, JJ.
ALFORD, Judge.
Defendant William Juneau appeals a judgment of the district court awarding plaintiffs damages for diminution in value of their property and inconvenience and mental anguish, based on defendant's failure as developer (and vendor) to complete the subdivision in which plaintiffs' property is located. After a thorough examination of the record and consideration of the trial judge's detailed and persuasive reasons for judgment, we affirm.

I. Factual Summary and Findings of the Trial Court
Plaintiffs Marvin and Janet Guitreau purchased one acre of land, described as lot 12 of Juneau Estates Subdivision,[1] from defendant on June 30, 1978. The subdivision in Ascension Parish was the first and only attempt by defendant at real estate development as of the time of trial, and the sale took place prior to completion of the subdivision as part of defendant's plan to raise the necessary funds for development by early sale of the lots. Plaintiffs constructed a house and moved into the subdivision sometime in October of 1980, at which time they testified the only improvement was the road which ran through the center of the subdivision, Juneau Street, dividing Juneau Estates in half, with 12 lots on either side of the street. Plaintiffs' lot is located at the rear or northeast end of the street and subdivision. The basis of plaintiffs' complaints was that the subdivision had not been completed as represented to them, or in conformity with the requirements of the Ascension Parish Planning Commission. Specifically, plaintiffs claimed that an adequate drainage system has never been constructed, causing plaintiffs' property to flood repeatedly; and that Juneau Street was never completed with a turnaround as specified, thus making it a dead-end street. This latter circumstance allegedly resulted in the unavailability of school bus and garbage service, since the large vehicles involved in both services will not back out of dead-end streets in order to provide service to them, and are unable to use private *433 driveways to back and turn without damaging them.
Much of the testimony was presented to establish that defendant had represented directly, as well as through his agent, a realtor, both prior to and following sale of the lots, that the subdivision was to be completed so as to allow essential services and to conform with Ascension Parish requirements. The trial court found, and the record supports its finding, that the defendant had made such representations; that he did not fulfill these commitments in that an outfall ditch requirement on the construction plans drawn by his own engineers was not completed, nor was a turnaround ever constructed; and that the subdivision had not received final acceptance from the Ascension Parish Police Jury as of the date of trial. Although the defendant testified and attempted to show that plaintiffs' own desire to save an oak tree located on the strip of land where the outfall ditch was to be dug had prevented completion of the drainage channel, the trial judge expressly rejected this testimony in his reasons for judgment, as well as stating dissatisfaction with defendant's attempts to show that a shallow ditch had been dug some two weeks prior to trial near the proposed site of the outfall ditch. In view of the great weight given to the trial judge's evaluation of a witness' testimony and credibility, we find no reason to reject the trial judge's findings.
Finally, there was much testimony regarding the damages which plaintiffs allege they have suffered; namely that due to the inadequate drainage system in the subdivision, at least half of one side of the subdivision drains toward and across a portion of plaintiff's lot, thus causing severe flooding in heavy rains; and that because of the absence of a turnaround, plaintiffs were deprived totally of garbage service and only received school bus service, which was subject to discontinuance at any time, by allowing the bus to use their driveway, contrary to school board rules and at the risk of damaging their driveway. The trial judge accepted the testimony of one Caleb Mire, realtor, as expert testimony, regarding a diminution in value of plaintiffs' home and property due to the defects established, and awarded plaintiffs $10,800.00 for the loss in value estimated by Mr. Mire. Defendant offered no evidence to rebut Mr. Mire's testimony. Additionally, the trial judge awarded plaintiffs $7,500.00 for mental distress and inconvenience due to defendant's breach of contract, based on plaintiffs' testimony regarding the flooding on their property, the necessity of transporting plaintiffs' children to a bus stop out of the subdivision for some two years, and the lack of garbage service.

II. Peremptory Exception of No Cause of Action
Defendant urges on appeal for the first time a peremptory exception of no cause of action, citing the prohibitions in Civil Code articles 2275 and 2276[2] against parol evidence in cases involving sales of immovable property.
Under Code of Civil Procedure article 2163,[3] this Court has the discretion to decide whether to consider a peremptory exception filed for the first time at the *434 appellate level, as the language of the article is not mandatory. While it does not appear that defendant has actually filed an exception, having merely presented this argument in a brief, he has raised an issue sufficiently important to warrant discussion.
Defendant focused his argument on the incident of sale in the present case. If his capacity in the transactions which took place had been merely that of vendor of the immovable property in question, his arguments might have more merit. However, as developer of the subdivision, defendant undertook construction of certain improvements on the raw land he wished to sell. The record indisputably supports such a conclusion, and despite the arguments of able defense counsel, the transcript of the trial contains several instances in which defendant admitted under cross-examination that, while he did not remember making any representations to plaintiffs or anyone else regarding the defects complained of, he might have done so. The trial judge found as a fact that defendant's construction plans for the subdivision contained a provision for the absent out-fall drainage ditch, and apparently by his holding also accepted as fact that defendant committed himself to build a turnaround.
These commitments by defendant as the subdivision developer are governed more properly by Civil Code Articles 2756 et seq. dealing with construction contracts, which are not required to be in writing,[4] rather than the articles on sales. Therefore, defendant's arguments regarding parol evidence in the instant case must fall, and plaintiffs are entitled to establish and have established a cause of action under the provisions governing construction or building contracts.

III. Damages
In view of our finding that plaintiffs' cause of action arises out of Civil Code Article 2756 et seq., the measure of damages in this instance must be governed by Article 2769, which states this to be "the losses that may ensue from his noncompliance with his contract." This has been interpreted in the jurisprudence as meaning the cost of repairing any defects or of completing the work. See Anderson v. Green, 454 So.2d 200 (La.App. 1st Cir. 1984), writ denied 459 So.2d 539, (La.1984) and Brouillette v. Consolidated Construction Co. of Florida, Inc., 422 So.2d 176 (La.App. 1st Cir. 1982).
In the instant case, the circumstances require a more literal compliance with the wording of Article 2769, as plaintiffs cannot and should not be expected to bear the burden of either proving the costs to complete the subdivision's drainage system and street, or of completing the subdivision themselves, since they are not and have never been contractors and developers. Therefore, we hold that the proper measure of damages under the facts of this case is plaintiffs' loss in property value due to the defects of the subdivision caused by defendant's breach of contract.
The record substantiates the trial court's finding that plaintiffs did suffer a diminution in value of their property due to defendant's failure to complete Juneau Estates as per his own construction plans and the Ascension Parish Planning Commission regulations. No expert opinion is required to establish the proposition that property which floods commands less of a market value than property which does not flood, merely common sense; and the fact that water never enters a house standing upon the property may be minor consolation to the owner who must either wade through part of his property, or not use it when it rains. Likewise, an absence of such services as school bus and garbage pick up may be very real factors in considering desirability and marketability of lots in a particular subdivision, particularly to families with school-age children.
We find defendant's arguments against Mr. Mire's qualifications as expert unpersuasive. *435 There was no manifest error on the part of the trial judge in accepting the evaluation of $10,800.00 as the amount of diminution in value of plaintiff's property, from a broker-appraiser with 8-10 years of experience in marketing real estate, absent any contradictory evidence or expert testimony on defendant's behalf.
As to the nonpecuniary damages awarded by the trial court, which he granted based on his appreciation of an erosion of Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976),[5] we find that plaintiffs are indeed entitled to damages for mental distress, inconvenience, and aggravation under the facts of this case, but for different reasons. Meador dealt with breach of a contract to repair an automobile. Our review of the jurisprudence since Meador reveals that, in this circuit, the rule of Meador regarding nonpecuniary damages in breach of contract cases is still adhered to where factually appropriate. However, in this situation, unlike in Meador, the specific portions of the contract found to have been breached by defendant were directed towards enjoyment and convenience of the plaintiffs of amenities which are admittedly not essential to habitation of a dwelling place, but are undeniable advantages that draw potential purchasers. The access to school bus and garbage service, and the luxury of nearly an acre of land to enjoy, three commodities which do not inure to the benefit of every homeowner, are objects of intellectual enjoyment, and under the facts of this case, defendant's breach of contract regarding these amenities render him liable to a judgment awarding damages for these nonpecuniary losses. Meador is not inflexibly followed in every breach of contract case; where factually appropriate, nonpecuniary damages may be proven and recovered. See Gele v. Markey, 387 So.2d 1162 (La.1980); Bourne v. Rein Chrysler-Plymouth, Inc., 463 So.2d 1356 (La.App. 1st Cir.1984), writ denied, 468 So.2d 570 (La.1985).
For these reasons, the judgment of the trial court is affirmed. All costs are assessed to defendant-appellant.
AFFIRMED.
WATKINS, J., concurs.
NOTES
[1] The exact description of the property in question is as follows:

A certain tract or parcel of land situated in the NW ¼ of Section 9, Township 9 South, Range 3 East, Southeastern District, East of the Mississippi River, Ascension Parish, Louisiana, according to the official plan of JUNEAU ESTATES SUBDIVISION, made by W.J. Cointment, Jr., Registered Land Surveyor, dated June 20, 1978, filed June 27, 1978 in COB 304 File No. 159511 Ascension Parish records, more particularly described as Lot No. TWELVE (12) JUNEAU ESTATES SUBDIVISION, fronting 212 feet on Juneau Avenue by a depth between parallel lines of 161.4 feet, having a rear measurement of 212 feet, said lot being subject to a 15 foot servitude along its rear and eastern boundaries, and being subject to restrictions recorded in File No. 159511.
[2] Articles 2275 and 2276 (as they appeared prior to Act 1984, No. 331, effective January 1, 1985) provide:

Art. 2275. Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.
Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.
[3] Code of Civil Procedure Article 2163 reads:

The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
[4] See Price v. Huey Childs Builder, Inc., 426 So.2d 398 (La.App. 2d Cir.1983), writ denied 433 So.2d 164 (La.1983); Henson v. Gonzalez, 326 So.2d 396 (La.App. 1st Cir.1976).
[5] Our research indicates that our brethren in the other circuits have indeed granted mental distress and aggravation damages in certain breach of contract cases, but these awards were based on distinctions in these cases from the factual circumstances in Meador. See Whitener v. Clark, 356 So.2d 1094 (La.App.2d Cir.1978), writ denied, 358 So.2d 638, 641 (La.1978); McManus v. Galaxy Carpet Mills, Inc., 433 So.2d 854 (La.App.3d Cir.1983); Ducote v. Arnold, 416 So.2d 180 (La.App. 4th Cir.1982), writ denied, 421 So.2d 238 (La.1982).