J^SOL GOTHARD, Judge.
This is an appeal taken by plaintiffs, Jermaine Aaron, et al., from a judgment sustaining various exceptions, including no cause of action, to their “Petition for Damages, Temporary Restraining Order and Injunctive Relief.”
Plaintiffs are all property owners in the Palmetto Lakes subdivision in Laplace. They filed this action naming the developer of the subdivision, Landcraft, Inc. (Landcraft), its representative, Joseph Scontrino, and its insurer as defendants. According to the petition, Landcraft, through its agent Mr. Scontrino, represented to plaintiffs that the subdivision would be a closed one with no through streets with a functional community pond and green areas. Plaintiffs allege that after they purchased property based on these representations, Landcraft extended a street in the subdivision to adjacent ones under construction on either side of Palmetto Lakes. As to the pond, plaintiffs allege it'was constructed by Landcraft, but is | .¡defective, causing an environmental hazard. Further, it is not open to the whole community, but is only available to lots bordering the pond.
Plaintiffs combined a cause of action for damages to their homes during the construction of the through street, as well as reduction of their property values with a request for injunctive relief to stop Land-craft from extending the through street into a neighboring subdivision, and from using any of the subdivision streets for commercial truck traffic. In subsequent pleadings, two plaintiffs were added and two others were dismissed.
*922 Defendants filed exceptions of vagueness, improper cumulation of actions, improperly joined and accumulated parties, prematurity and no cause of action to plaintiffs’ action for damages. Defendants also filed exceptions of no cause of action and no right of action to the petition for injunctive relief. All requests for injunc-tive relief, and related exceptions and request for sanctions were subsequently dismissed by the parties and are no longer at issue.
On November 10, 2003, the trial court rendered judgment maintaining the exeép-tions to the main demands and granting plaintiffs thirty days to amend the petition, “after which failure to properly amend the Petition to cure all defects and deficiencies may result in the dismissal of all claims, without prejudice, against defendants within the discretion of the Court.” The judgment also maintained the exception of no cause of action as it related to Mr. Scontri-no and dismissed the action as to that defendant.
Subsequently, plaintiffs filed a supplemental and amending petition that listed each plaintiff, their address, and the date they entered into a contract for the sale of a home in the subdivision. The petition was further amended to state that certain aspects of the agreements, such as the construction of a community pond and a private, closed subdivision were verbal additions to the written contracts of Usale. Plaintiffs maintain that the failure of defendants to act in good faith to fulfill the promises made in the oral contract is a breach of a specific duty set forth in La. C.C. Art. 1759. In the alternative, plaintiffs assert causes of action in detrimental reliance, unjust enrichment, negligent misrepresentations under La. C.C. Art. 2315, and the creation of a hazardous condition by negligent construction of the pond.
The defendants re-filed the same exceptions to the supplemental and amending petition. After a second hearing on the exceptions, the trial court rendered the judgment on appeal before us. In that judgment, the trial court granted the exceptions of vagueness, improper cumulation of actions and ho cause of action. The trial court denied the exception of prematurity.

Improper cumulation

La. C.C.P. Art. 462 provides that:
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative.
La. C.C.P. Art. 463 provides that:
Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
(1) There is a community of interest between the parties joined;
(2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(3) All of the actions cumulated are mutually consistent and employ the same form of procedure.
^Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same suit if pleaded in the alternative.
*923 In the matter before us, the requirements for cumulation of actions are met. The actions are within the jurisdiction of the court, in the proper venue and employ the same form of procedure. In maintaining the exception of improper cu-mulation of actions, the court used language from the article governing improper cumulation of parties. The court acknowledged the commonality of interests among the plaintiffs, but found that:
Judicial economy is always of interest to the court but manageability is also important. To allow these numerous claims to be cumulated into one lawsuit, would result in numerous mini trials, thereby defeating the purpose of cumu-lation. It would be difficult and confusing for both plaintiffs and defendants, and a virtual nightmare for the court. Therefore, the exception of improper cu-mulation is maintained.
It is clear this turns on one issue, that of whether the plaintiffs share a “community of interest.” To be properly joined, the parties must share a “community of interest,” that is the cumulated actions must arise out of the same facts or present the same factual and legal issues. Abshire v. State of Louisiana through Dept. of Ins., 93-923 (La.App. 3 Cir. 4/6/94), 636 So.2d 627, unit denied, 94-1213 (La.6/24/94), 640 So.2d 1332. Therefore, to determine whether the defendants in the instant case have a community of interest the question must be asked; do the cumulated causes of action arise out of the same facts, or do they present the same factual and legal issues? Miller v. Commercial Union Companies, 305 So.2d 560 (La.App. 2nd Cir.1974).
We note that the official revisions comments to Article 463 in pertinent part state:
While a single plaintiff may cumulate in the same suit two or more actions against the same defendant having no connection with each other, and based on different causes of actions, of necessity, greater | (¡restriction on the privilege of cumulating actions must be imposed when the suit is brought by plural plaintiffs or against plural defendants. The test to be employed in the latter case is the traditional one of a ‘community of interest between the parties joined.’
We believe the plaintiffs’ actions herein do reflect the same factual and legal issues. However, we recognize the discretion of the trial court in the management of these cases as provided for in La. C.C.P. Art. 465 which reads:
When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulat-ed actions,' even if the cumulation is proper.
While the trial court maintained the exception of improper cumulation, it neither dismissed the actions or provided another remedy for plaintiff. La.C.C.P. Art. 464 provides that when jurisdiction or venue is improper the action shall be dismissed. However, when, as in the instant case, the cumulation is deemed improper for other reasons, the court may:
(1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all- allegations relating to the action which he elects to discontinue.
Given the trial court’s reasons for maintaining the exception of improper cumulation, we find the proper remedy would be to order separate trials of the cumulated actions , pursuant to the above cited articles, or to order the plaintiffs to elect *924 which actions they wish to continue to litigate.

No cause of action

The exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Ferguson v. Dirks, 95-560 (La.App 5th Cir. 11/28/95), 665 So.2d 585. As explained by our Supreme Court in Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), reconsideration denied, 448 So.2d 1302 (La.1984):
|7The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings.
(citations omitted)
Id. 447 So.2d at 474-475
The pleadings in the matter before us assert several causes of action in contract and tort, including, breach of contract, unjust enrichment, failure to warn and detrimental reliance. It is clear from the trial court’s reasons for judgment that the no cause of action exception was granted solely on the issue of breach of contract. The trial court stated:
.... all we have is specific references to contract of sale of immovable property, which, as we all know, is required to be in writing. Absent such writing, there is no contract covering the alleged defects and hence the exception must be maintained.
It appears from the reasons for judgment and the case cited therein that the only cause of action the trial court considered was that of a breach of contract of sale.
In opposition to the exception of no cause of action the plaintiffs cited Guitreau v. Juneau, 479 So.2d 431 (La.App. 1 Cir.1985). In that case, property owners in a newly developed subdivision filed suit against the developers for failure to complete the subdivision. After a trial on the merits, judgment was rendered in favor of the plaintiffs. On appeal, defendant developer urged an exception of no cause of action arguing the matter involved the interpretation of a contract of sale and therefore, the trial cohrt erred in allowing parole evidence. The court of appeal held that the argument would be valid had the developer been merely a seller. However, since the developer made various representations to the buyer about subdivision assets, he committed himself to construct the amenities as 1 ^represented. Thus, the admission of parole evidence was not error, and the exception of no cause of action was denied.
In the decision to maintain the exception of no cause of action, the trial court distinguished Guitreau by stating:
... the (Guitreau) court had the benefit of defendant’s testimony that suggested he might have made representation to the plaintiffs about the alleged defects. But for the defendant’s testimony, the Guitreau court might have held otherwise. In the case herein, we have no statement by defendants, under oath, that certain representations were made by them.
We find the trial court erred by going beyond the allegations made in the petition and considered the evidence or lack there *925 of in ruling on the exception of no cause of action. Further, we find the plaintiffs have made other allegations which state other causes of action. Accordingly, we reverse the judgment in so far as it maintains the exception of no cause of action.
For the foregoing reasons, we reverse the judgment as to the grant of the exceptions no cause of action and improper cumulation of actions. Because of the findings and orders of this court in this opinion, we affirm the grant of the exception of vagueness and instruct the trial court to allow the plaintiffs sufficient time to amend the petition. In all other respects we affirm the judgment. We remand the matter for further proceedings in accordance with this decision.

REVERSED IN PART; AFFIRMED IN PART AND REMANDED.