LOVE, J.,
concurs in part and dissents in part and assigns reasons.
hi concur with the majority’s affirmation of the trial court’s granting the defendants’ Motion to Strike Mr. Bailey’s report. However, I respectfully dissent from the conclusions reached by the majority regarding liability.
Ms. Hohensee partially relied upon La. R.S. 37:152(B), which provides that “no architect shall affix his seal or stamp or permit it to be affixed to any specification, drawing, or other related document which was not prepared either by him or under his responsible supervision.”
Mr. Bergeron does not dispute that he affixed his architectural seal on the plans designed by Mr. Turner. The Defendants also admit that they “were only involved in the design process of the plaintiffs house, not the construction.” Mr. Bergeron’s architectural stamp included the following statement: “I am (not) providing periodic inspection of this project.” Ms. Hohensee never signed any written contract with Mr. Bergeron or RBA and did not pay either any money. It is undisputed that Ms. Hohensee contracted with Mr. Turner and Mr. Sexton and/or MCC to construct her new home.[1] The testimony presented in support and [ ^.opposition to the Motion for Partial Summary Judgment reflects that Mr. Bergeron visited the construction site once or twice to say “hello” to Mr. Turner because he was already visiting his wife’s aunt who lived on the same street. Ms. Hohensee never saw Mr. Bergeron at the construction site supervising workers. There is no evidence that Mr. Bergeron functioned as a construction coordinator.
However, Ms. Hohensee testified that Mr. Turner repeatedly informed her that “Ray said this or Ray said that” in conjunction with determining the best way to proceed with the construction of her home. Mr. Turner testified that he did not consult with Mr. Bergeron prior to deciding upon elevation changes and the addition of another floor to Ms. Hohensee’s home. Mr. Sexton stated in his deposition that Mr. Turner informed him that Mr. Berger-on visited the construction site more than once. Choosing which testimony to believe requires a credibility determination that is prohibited on consideration of a motion for summary judgment. Indep. *892 Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 16 (La.2/29/00), 756 So.2d 226, 236.
Ms. Hohensee’s testimony that Mr. Ber-geron was consulted regarding the design alterations during the construction of her home requires a credibility determination. Likewise, Mr. Sexton’s deposition testimony presents questions of fact as to the purpose of Mr. Bergeron’s visits to the construction site. These credibility determinations are improper for a motion for summary judgment. Therefore, I find that genuine issues of material fact exist as it relates to Mr. Bergeron and RBA’s alleged liability for construction-related issues.
Ms. Hohensee also avers that Mr. Ber-geron breached his professional duty as a licensed Louisiana architect, which would permit the piercing of the corporate veil to hold him personally liable.
“Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such | .-¡capacity for a debt, obligation, or liability of the limited liability company.” La. R.S. 12:1320(B). “Without a doubt, statutory law found in La. R.S. 12:1320(B) insulates a member of a limited liability company from personal liability for a debt or obligation of the limited liability company.” Matherne v. Barnum, 11-0827, p. 8 (La.App. 1 Cir. 3/19/12), 94 So.3d 782, 788. “However, Subsection D of this same statute clearly provides a cause of action against a member of a limited liability company because of any breach of professional duty, as well as for any fraud or other negligent or wrongful act by such person.” Id.
“The existence of a duty is a question of law.” Ogea v. Merritt, 13-1085, p. 24 (La.12/10/13), 130 So.3d 888, 905. However, whether a party breached a duty is a question of fact. Mundy v. Dep’t of Health & Human Res., 620 So.2d 811, 813 (La.1993). The following four factors are utilized to determine if personal liability should be found:
1) whether a member’s conduct could be fairly characterized as a traditionally recognized tort; 2) whether a member’s conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; 3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and 4) whether the conduct at issue was done outside the member’s capacity as a member.
Ogea, 13-1085, p. 16, 130 So.3d at 900-01.
As an architect, Mr. Bergeron is part of a “legislatively-recognized profession.” Id., 13-1085, p. 13, 130 So.3d at 899. The evidence presented proves that Mr. Ber-geron recommended Mr. Turner to Ms. Hohensee, and that Mr. Turner was not a licensed architect. Mr. Bergeron also provided the meeting space for Ms. Hohensee and Mr. Turner, Mr. Bergeron testified that when he informed Ms. Hohensee that he would help her, he “meant” by certifying the plans for her new home. However, he did not convey his intended method of assistance to Ms. Hohensee. Ms. Hohen-see testified that Mr. Bergeron should have “[bjeen upfront |4with [her] about who was going to stamp the plans and make sure I understood that.” Mr. Bailey stated in his deposition that:
[wjhen he puts his seal and signs those documents, that indicates something. It indicates that he is professionally liable and responsible for the design of the building. That is about as—as extensive as it gets in my profession.
This presents a genuine issue of material fact as to whether Mr. Bergeron breached a professional duty and incurred personal liability by stamping and certifying the *893 plans. These contested issues of material fact must be applied to the factual determination of whether Mr. Bergeron breached his professional duty as an architect. As such, I find that genuine issues of material fact exist as to Mr. Bergeron’s personal liability. Therefore, I would reverse the trial court’s grant of summary judgment and remand for further proceedings.

. There is a dispute in the record regarding whether Ms. Hohensee contracted with MCC or Mr. Turner and Mr. Sexton individually.