943 So.2d 1131 (2006)
W.J. SPANO COMPANY, INC.
v.
Dennis MITCHELL and Linda Mitchell.
No. 2005 CA 2115.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
James S. Holliday, Jr., Eugene T. Rhee, Karl J. Koch, Baton Rouge, for Appellants Dennis Mitchell and Linda Mitchell.
Pauline F. Hardin, New Orleans, for Appellee Rene J.L. Fransen.
Before: CARTER, C.J., WHIPPLE and MCDONALD, JJ.
MCDONALD, J.
Dennis and Linda Mitchell (the Mitchells) appeal a trial court judgment dismissing their third party claim against Rene J.L. Fransen (Fransen) individually, for damages allegedly incurred in connection with the construction of their new home. For the following reasons, we reverse.
In or around February 2001, W.J. Spano Company, Inc. (Spano) began construction of a new home for the Mitchells in Baton Rouge, Louisiana. The construction contract *1132 contemplated a completion date of June 2002. On or around July 31, 2003, with the home allegedly approximately 96% complete, the Mitchells discharged Spano. In January 2004, Spano filed suit against the Mitchells alleging that he was terminated arbitrarily and without cause, which termination caused Spano substantial damages.
The Mitchells answered Spano's suit, and filed reconventional and third-party demands. Subsequently, a first amended and supplemental answer, reconventional demand and third-party demand was filed naming Rene J.L. Fransen, individually, and Rene J.L. Fransen Landscape Architect, L.L.C., as defendants. Fransen filed peremptory and dilatory exceptions. The Mitchells subsequently filed second and third amending petitions.[1]
On March 28, 2005, a hearing was conducted on the exceptions of no cause of action filed on behalf of Fransen individually and of the limited liability company. For oral reasons assigned, the court sustained the exception as to Fransen individually, dismissing the claims against him with prejudice, at the Mitchells' costs.[2]
The Mitchells appeal the dismissal of their claims against Fransen individually alleging that the trial court erred in basing its decision on La.C.C. art. 3016, and that pursuant to La. R.S. 12:1320(D) their petition stated a cause of action against Fransen individually as a professional. Louisiana Revised Statute 12:1320 provides for the liability of members and managers of limited liability companies to third parties. Section A provides "The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter." Section D provides:
Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.
Fransen maintains that the Mitchells' claim against Fransen is based solely on his status as the sole member of Rene J.L. Fransen Landscape Architect, L.L.C. He argues that the Limited Liability Company Law makes clear that a member, like Fransen, is not liable for the debt, obligation or liability of the limited liability company. Clearly, La. R.S. 12:1320(B) insulates members, managers and employees from personal liability for a debt or obligation of the limited liability company. However, the Mitchells maintain that Fransen could be liable in his capacity as a professional landscape architect for negligence in performing his professional duties. We agree. We find that Section D clearly provides a cause of action *1133 against a member, manager, or employee of a limited liability company because of any breach of professional duty, as well as for any fraud or other negligent or wrongful act. Further, we do not find that Curole v. Oschner, L.L.C., XXXX-XXXX (La. App. 4th Cir.02/20/02), 811 So.2d 92, relied on by Fransen, requires a contrary result.
The issue before the court in Curole was whether the trial court properly sustained a defendant's exception of improper venue and transferred Dr. Curole's lawsuit from Orleans Parish to Jefferson Parish. The underlying basis for Dr. Curole's suit was an allegation of damages sustained when Oschner Clinic terminated his employment. Oschner Clinic, a limited liability company, as well as several doctors who were members or employees of the L.L.C., were named as defendants. All of the defendants were domiciled in Jefferson Parish, except Dr. Quinlan, who was the chief executive officer of Oschner Clinic, L.L.C. at the time Dr. Curole was terminated, and whose domicile was in Orleans Parish. In her reasons for judgment, the trial judge stated, "Seeing no way Dr. Quinlan would be personally liable, this case belongs in Jefferson Parish." Curole, 811 So.2d at 96. The appellate court agreed, noting in dicta that the phrase "or other negligent or wrongful act" must refer to acts done outside one's capacity as a member, manager, employee, or agent of the limited liability company. Under the facts in Curole, the courts found that Dr. Quinlan could not be found personally liable for an act he had undertaken for and in his capacity as a member of the L.L.C. "Outside one's capacity as a member" would, however, refer to other acts of professional or personal negligence.
The facts in the case before us are distinguishable in that while Fransen argues he was acting solely in his capacity as a member of the L.L.C., he was nevertheless engaged in the practice of his profession. To encourage commerce, the legislature has limited personal liability for some debts incurred or acts performed on behalf of business entities. Similarly, a mandatary who contracts in the name of the principal does not bind himself personally for the performance of the contract. La. C.C.art. 3016. However, neither of these statutes is intended to shield professionals from liability for personal negligence.
The Mitchells' amended petition alleges that the landscape architectural plans created by Fransen (and/or Fransen LLC) are inadequate and fall below the professional industry standard which has resulted in property damage to the Mitchell home. The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). The only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to seek relief. Perere v. La. Television Broadcasting Corp. 97-2873 (La.App. 1st Cir.11/06/98), 721 So.2d 1075, 1077. We find that the Mitchells have stated a cause of action against Fransen individually. Therefore, the judgment dismissing the Mitchells' claims against Fransen individually is reversed. Costs of this appeal are assessed to Rene J.L. Fransen.
REVERSED AND REMANDED.
CARTER, J., concurs.
NOTES
[1] The Mitchells' second amending petition stated that it was filed pursuant to the trial court judgment of October 7, 2004. The minutes of the trial court reflect that on September 27, 2004, exceptions filed on behalf of several defendants, including Fransen individually and the L.L.C., were heard, and that Fransen's exceptions of no cause of action were sustained. The Mitchells were given until October 30, 2004 to amend their claim and third-party demands. However, the judgment so ordering could not be located in the record.
[2] Judgment was rendered on other issues; however, those issues were not appealed.