| KHIRY COSEY ON BEHALF | * | NO. 2022-CA-0503 |
| OF HER MINOR CHILDREN, | | |
| CORBIN HILLIARD AND | * | |
| ALYSSA HILLIARD | | COURT OF APPEAL |
| INDIVIDUALLY AND ON | * | |
| BEHALF OF THE ESTATE OF | | FOURTH CIRCUIT |
| REGINALD HILLIARD, JR., | * | |
| ET AL. | | STATE OF LOUISIANA |

* * * * * * *

VERSUS

FLIGHT ACADEMY OF NEW
ORLEANS, LLC; JAZZ
AVIATION, LLC; QBE
INSURANCE CORPORATION;
CHRISTIANSEN AVIATION,
INC.; ABC INSURANCE
COMPANY; SIGNATURE
FLIGHT SUPPORT
CORPORATION; ALLIANZ
GLOBAL CORPORATE &
SPECIALTY SE; THE ESTATE
OF JAMES BIONDO; AND DEF
INSURANCE COMPANY

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-09317  C\W 2016-11198, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, and
Judge Nakisha Ervin-Knott)

Roderick "Rico" Alvendia
Jeanne K. Demarest
Kurt A. Offner
ALVENDIA, KELLY & DEMAREST, L.L.C.
909 Poydras Street, Suite 1625
New Orleans, LA 70112

Cleo Fields
THE FIELDS LAW FIRM, LLC
2147 Government St.
Baton Rouge, LA 70806

Ike Spears
SPEARS & SPEARS
909 Poydras Street, Suite 1825
New Orleans, LA 70112

     COUNSEL FOR PLAINTIFFS/APPELLANTS

Darrell K. Cherry
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLEE

                  **REVERSED AND REMANDED**
                  **January 18, 2023**

This is a multi-party, personal injury suit arising out of a tragic, small-aircraft accident.[1] Appellants are the heirs of Reginald Hilliard, Jr., the passenger who perished in the accident ("Hilliard Plaintiffs");[2] Appellees are the heirs of James Biondo, the pilot who perished in the accident ("Biondo's Estate"). In this appeal, Hilliard Plaintiffs seek review of the trial court's February 25, 2022 judgment, granting Biondo's Estate's summary judgment motion and dismissing Hilliard Plaintiffs' claims against Biondo's Estate.[3] For the reasons that follow, we reverse and remand.

---

[1] The parties in this case have filed three previous appeals in this Court. *See Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, 19-0785 (La. App. 4 Cir. 11/12/20), ___ So.3d ____, 2020 WL 6687515, *writ denied*, 21-00083 (La. 3/23/21), 312 So.3d 1097; *Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, 19-0757, 19-0786, 19-0878 (La. App. 4 Cir. 5/13/20), ___ So.3d ____, 2020 WL 2478462, *writs denied*, 20-00746 (La. 10/6/20), 302 So.3d 536; 20-01024 (La. 11/4/20), 303 So.3d 651; *Cosey on behalf of Hilliard v. Flight Acad. of New Orleans*, LLC, 17-0364 (La. App. 4 Cir. 10/25/17), 316 So.3d 1173.

[2] Hilliard Plaintiffs include two groups of family members. The first group is Mr. Hilliard's minor children—his La. C.C. Art. 2315.2 wrongful death beneficiaries—on whose behalf suit was filed by their mothers: Corbin Hilliard and Alyssa Hilliard (whose mother is Khiry Cosey), and Takhiree Hilliard (whose mother is Tiara Liggins). The second group is the "*Lejeune* Plaintiffs," who asserted only *LeJeune*-bystander claims under La. C.C. art. 2315.6 given they were excluded from being wrongful death beneficiaries. *See Lejeune v. Rayne Branch Hosp.*, 556 So.2d 559 (La. 1990). The *LeJeune* Plaintiffs are Mr. Hillard's mother, Tukeya Jarvis; his grandmother, Dorothy Jarvis; and his brother, Thomas Hilliard.

[3] On February 25, 2022 and March 8, 2022, the trial court rendered two other judgments. Those other judgments granted the summary judgment motions filed by the defendants, including

1

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2016, Briana Davis and her boyfriend, Mr. Hilliard, took the Big Easy Lights at Night aerial tour of the City of New Orleans (the "Tour"). Flight Academy of New Orleans, LLC ("FANO") was the entity that provided the Tour. FANO's employee, Mr. Biondo, was the Tour's pilot. Before taking the Tour, Ms. Davis signed a passenger contract with FANO.

On the night of the Tour, the small aircraft with three occupants on board—the pilot, Mr. Biondo; and two passengers, Mr. Hilliard and Ms. Davis—took off from the New Orleans Lakefront Airport. The Tour, which lasts about forty minutes, was uneventful; the accident occurred near the completion of the Tour. When the aircraft was making its return approach to the runway, it disappeared from the airport's radar, crashed into Lake Pontchartrain, and sank. Ms. Davis was the only survivor. This suit followed.[4] Among the multiple defendants sued was Biondo's Estate.

Following discovery, Biondo's Estate filed a summary judgment motion. Biondo's Estate contended that Mr. Biondo was immune from personal liability under La. R.S. 12:1320(B),[5] based on Mr. Biondo's status at the time of the

---

Biondo Estate, and dismissed the *LeJeune* Plaintiffs from the suit. Those two other judgments are the subject of a separate appeal, *Cosey on Behalf of Hilliard v. Flight Acad. of New Orleans, LLC*, No. 2022-CA-0538. That separate appeal and this appeal were assigned to the same panel, placed on the same docket, and orally argued together.

[4] Ms. Davis also filed a suit for her personal injuries. Her suit was consolidated with the Hilliard Plaintiffs' suit. Thereafter, Ms. Davis settled with the defendants and dismissed her suit. Ms. Davis, thus, is not a party to this appeal.

[5] The governing statute, La. R.S. 12:1320, provides:

accident as an employee of FANO—a Louisiana limited liability company

("LLC")—coupled with the employment-rooted nature of Mr. Biondo's actions.[6]

Following a hearing, the trial court granted Biondo Estate's summary judgment

motion and dismissed Biondo's Estate as a party to this litigation. This appeal

followed.

## DISCUSSION

On appeal, Hilliard Plaintiffs' sole assignment of error is whether the trial

court erred in granting Biondo's Estate's summary judgment motion.

*Standard of Review and Governing Legal Principles*

An appellate court reviews a trial court's judgment on a summary judgment

motion *de novo*. *Planchard v. New Hotel Monteleone, LLC*, 21-00347, p. 2 (La.

12/10/21), 332 So.3d 623, 625. In so doing, an appellate court applies the same

criteria that govern a trial court's decision as to whether a summary judgment

---

A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.

B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.

C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.

D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

[6] In the alternative, Biondo's Estate requested a partial summary judgment adjudging that Mr. Biondo not to be deprived of the benefit of La. R.S. 12:1320(B)'s protection by La. R.S. 12:1320(D)'s exceptions from immunity.

motion should be granted—"whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Planchard*, 21-00347, pp. 2-3, 332 So.3d at 625.

The statutory provision that governs a summary judgment motion states that such motion "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The burden of proof on a summary judgment motion is governed by La. C.C.P. art. 966(D)(1), which provides for a shifting burden of proof.

The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). The purpose of the procedure is to pierce the pleadings and to assess the evidence to determine if there are any genuine issues of material fact requiring a trial. *Cutrone v. English Turn Prop. Owners Ass'n, Inc*., 19-0896, p. 7 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1214. As this court has observed, "[t]he determination of whether a fact is material turns on the applicable substantive law." *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270; *Citron v. Gentilly Carnival Club, Inc*., 14-1096, p. 13 (La. App. 4 Cir. 4/15/15), 165 So.3d 304, 313.

The applicable substantive law here is the LLC immunity statute, La. R.S. 12:1320. The Louisiana Supreme Court construed this statute in *Ogea v. Merritt*, 13-1085 (La. 12/10/13), 130 So.3d 888, as creating a presumption—

4

general rule—of non-liability. This presumption, the Supreme Court observed, can be rebutted by establishing one of three statutory exceptions. The trio of exceptions are for causes of action for (i) fraud; (ii) breach of any professional duty; and (iii) other negligent or wrongful acts. *Ogea*, 13-1085, p. 10, 130 So.3d at 897.

As to the exception for negligent or wrongful acts, the Supreme Court rejected the argument that it was limited to torts. To limit the parameters of the exception, the Supreme Court fashioned the following four-factor balancing test to be applied to determine whether it applies:

- whether a member's conduct could be fairly characterized as a traditionally recognized tort ("Tort Factor");

- whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable ("Criminal Conduct Factor") ;

- whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC ("Contract Factor"); and

- whether the conduct at issue was done outside the member's capacity as a member ("Acting Outside the LLC Factor") .

*Ogea*, 13-1085, p. 16, 130 So.3d at 900-01.

As a court has observed, "[t]he common thread in these factors is that they each concern the member's conduct." *Hewitt v. 3G Energy Servs., LLC*, CV 18-955, 2019 WL 2402963, *4 (W.D. La. June 4, 2019) (*unpub.*). Indeed, this court recently observed that "the purpose of a statutory provision such as La. R.S. 12:1320(D) is to codify the principle that the members of a limited liability company are not shielded from personal liability from their own personal conduct." *Mathes Brierre Architects v. Karlton/ISG Enterprises, LLC*, 19-0357, p. 12, n. 7 (La. App. 4 Cir. 12/3/20), 311 So.3d 532, 541, *writ denied*, 21-0029 (La.

3/16/21), 312 So.3d 1090 (citing Robert B. Thompson, *The Limits of Liability in the New Limited Liability Entities*, 32 WAKE FOREST L. REV. 1, 11 (1997) (observing that "[i]ndividuals who act for the corporations are held personally liable . . . if their action on behalf of the entity is tortious, criminal, or otherwise wrongful" and that this form of liability for direct actions is a distinct from the equitable doctrine of piercing the veil)).

**Parties' Arguments**

As noted at the outset, the basis of Biondo's Estate's summary judgment motion is its contention that Mr. Biondo—given his status as an LLC employee coupled with the employment-rooted nature of his actions—is immune from personal liability under La. R.S. 12:1320(B) and that none of the exceptions in La. R.S. 12:1320(D) apply. Hilliard Plaintiffs do not allege fraud; hence, only two of the exceptions are at issue here—the professional act and the negligent or wrongful act exceptions.

In support of its motion, Biondo's Estate enumerated the following contextual facts that it contended were undisputed:

- FANO, at the time of the accident, was a valid Louisiana LLC, as established by FANO's articles of organization;

- FANO's ongoing business included selling and conducting aerial tours, which was authorized by a certificate the Federal Aviation Administration ("FAA") issued to FANO as the certificated operator;

- Mr. Biondo was FANO's employee, as established by the employment contract between Mr. Biondo and FANO dated February 2016; Mr. Biondo's job was to participate, as directed by FANO, in the flying of the aerial tours;

- The Tour that ended up crashing in August 2016 was the subject of a passenger contract between FANO and Ms. Davis; Ms. Davis purchased the Tour from FANO and paid the fee (which was set by FANO) to FANO before the Tour;

6

- The Tour itinerary and the manner of conducting the Tour were chosen and specified by FANO's managers and set forth in FANO's procedures and specifications, which Mr. Biondo was mandated to follow;

- The aircraft FANO provided to Mr. Biondo for conducting the Tour was leased by FANO; the aircraft was provided to Mr. Biondo only to use for FANO's aerial tours; and

- Mr. Biondo was acting, on the date of the accident, to accomplish the contracted-for the Tour as part of FANO's regular business and was not engaged in a personal endeavor.

Opposing the motion, Hilliard Plaintiffs presented no evidence to dispute Biondo's Estate's contextual facts.[7] Nonetheless, they argued that Biondo's Estate was not entitled to summary judgment for the following three independent reasons:

- The standards for personal and professional liability of commercial aviation pilots are governed exclusively by the FAA such that La. R.S. 12:1320 should not govern ("Preemption Argument");

- Assuming La. R.S. 12:1320 governs, Mr. Biondo breached his professional duty as a professional commercial aviation pilot ("Professional Duty Argument"); and

- Assuming La. R.S. 12:1320 governs and Mr. Biondo was not a professional, Mr. Biondo committed various negligent or wrongful acts or both that are considered to be traditional, recognizable torts ("Negligent Act Argument").

As noted, the trial court granted Biondo's Estate's summary judgment motion. On appeal, Hilliard Plaintiffs repeat these same three arguments. We separately address each of these arguments.

---

[7] Instead, Hilliard Plaintiffs attached to their opposition two expert reports addressing the issue of Mr. Biondo's negligence in causing the accident. Biondo's Estate objected to these expert reports in its reply memorandum filed in the trial court, as well as in its appellee brief filed in this court, as improper summary judgment evidence. But, at the summary judgment hearing, Hilliard Plaintiffs' counsel did not move to introduce the expert reports into evidence; thus, the trial court did not rule on the objection. For that reason, we find those reports were not made part of the record and are not properly before us. *See Med. Review Panel for Bush*, 21-00954, p. 7 (La. 5/13/22), 339 So.3d 1118, 1124) (citing *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88, and observing that "evidence not properly offered cannot be considered even if it were physically placed in the record"); *see also Burandt v. Pendleton Mem'l Methodist Hosp.*, 2013-0049, p. 2 (La. App. 4 Cir. 8/7/13); 123 So.3d 236, 238 (observing that "[e]vidence that is not properly and officially offered and introduced cannot be considered on appeal, even if the evidence is physically placed in the record"). We, thus, pretermit addressing the objection.

*Preemption Argument*

Hilliard Plaintiffs first contend that the FAA preempts La. R.S. 23:1320. Simply put, they argue that the FAA exclusively sets the standards for personal and professional liability of commercial aviation pilots, like Mr. Biondo. Biondo's Estate counters that La. R.S. 12:1320 does not set any standard of conduct for aviation pilots. Indeed, it is not a standard-of-care statute at all; it is a corporate financial end-responsibility statute. Thus, it cannot conflict with the FAA. We agree. Hilliard Plaintiffs' preemption argument is unpersuasive.

*Professional Duty Argument*

Hilliard Plaintiffs next argue that assuming La. R.S, 12:1320 governs, the exception for a breach of professional duty, codified in La. R.S. 12:1320(D), applies. They contend that Mr. Biondo was a professional—a commercial aviation pilot—and that he breached his professional duty. In support of their characterization of a commercial aviation pilot as a professional, they cite jurisprudence holding riverboat and steamboat pilots, albeit for other purposes, are professionals.[8]

Biondo's Estate counters that a commercial aviation pilot is not included in the list of learned professions for whom professional corporations were created in Title 12 of the Revised Statutes.[9] Biondo's Estate contends that a commercial aviation pilot is more akin to a commercial bus or truck driver and is not a professional as that term is used in the statute. Agreeing with Biondo's Estate's

---

[8] *See Coleman v. New Orleans & Baton Rouge S.S. Pilots' Ass'n*, 437 F.3d 471 (5th Cir. 2006).

[9] *See Nunez v. Pinnacle Homes, L.L.C.*, 15-0087, pp. 9-10 (La. 10/14/15), 180 So.3d 285, 292 (observing that "a 'profession' is different from other occupations and trades," that "[c]ontracting is not included among the professional corporations listed in Title 12 of the Revised Statutes," and that "there is no indication the legislature intended for licensed contractors to owe a separate, non-contractual duty to their customers as may members of the enumerated professions").

argument, the trial court judge, at the summary judgment hearing, posed the question of whether bus drivers and taxicab drivers likewise would be characterized as professionals under La. R.S. 12:1320(D). Answering that question in the negative, the trial court judge observed that she was compelled to grant summary judgment given she did not believe this was the legislature's intent when it used the word professional in the statute.[10]

On appeal, the parties make the same arguments they made before the trial court on the issue of whether a commercial aviation pilot fits the definition of a professional under La. R.S. 12:1320(D). While we note the issue, we find it unnecessary to decide it. Instead, we find there are genuine issues of material facts regarding the negligent and wrongful act exception, discussed next, that preclude granting summary judgment in this case.

*Negligent Act Argument*

Hilliard Plaintiffs' final argument is, assuming that La. R.S. 12:1320(D) applies and that a commercial aviation pilot is not a professional under the statute, Mr. Biondo committed various negligent acts that are considered to be traditionally recognized torts, satisfying factor 1 of the *Ogea* multi-factor test (Tort Factor). They quote the reasoning in *Ogea* that "if a traditional tort has been committed against any cognizable victim(s), that situation weighs in favor of the 'negligent or wrongful act' exception and in favor of allowing the victim(s) to recover against the individual tortfeasor(s)." *Ogea*, 13-1085, p. 17, 130 So.3d at 901 (citing *H.B. "Buster" Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975)).

---

[10] The trial court judge, however, was silent on the issue of the negligent or wrongful act exception, discussed elsewhere in this opinion.

Hillard Plaintiffs also emphasize the language in *Ogea* that if a defendant's actions breach a duty he personally owed to a plaintiff and thereby cause injury, the defendant is not immune from liability merely because he acted as a member or manager of an LLC. They contend that such is the case here given the FAA imposes professional and personal duties on a commercial aviation pilot, such as Mr. Biondo, to his passengers. They contend that this is true regardless of Mr. Biondo's status as an LLC's employee or of any instructions that the LLC provided to him. Given the evidence developed to date, Hilliard Plaintiffs contend that they have put forth a sufficient basis to establish that Mr. Biondo not only owed, but also breached, his professional and personal duties to the passengers. Finally, Hilliard Plaintiffs contend that no case stands for the extreme position advocated by Biondo's Estate that Mr. Biondo is entitled to personal immunity given the breach of his professional and personal duties to the passengers.

Biondo's Estate counters the issue of Mr. Biondo's fault is not relevant to this dispute; rather, it contends that this dispute presents purely a legal issue of whether—applying the *Ogea* multi-factor analysis to the undisputed contextual facts—the negligent or wrongful act exception applies here. According to Biondo's Estate, the legal issue is weighted in favor of immunity by *Ogea* factors 3 (Contract Factor) and 4 (Acting Outside the LLC Factor). In support, Biondo's Estate cites a trio of cases for the proposition that when, as here, fault is from acts "in furtherance of the contract," such fault, as a matter of technical interpretation,

does not trigger *Ogea* factor 1 (Tort Factor); instead, factors 3 (Contract Factor) and 4 (Acting Outside the LLC Factor) are dominant.[11]

Biondo's Estate's position is consistent with the following hypothetical, posed by a commentator, regarding the application of the *Ogea* multi-factor test:

> Under certain circumstances, a court may find no personal liability for a member under *Ogea* when that member normally would become liable under traditional legal theories. For example, consider a situation where a member making a delivery for his LLC strikes a pedestrian with his automobile. The member owes a personal duty to the pedestrian not to hit her. If the pedestrian can prove the remaining elements of a tort, then under traditional limited liability law, the member will be personally liable to the pedestrian for the damages he causes in the accident, regardless of his ownership interest. Limited liability under Revised Statutes section 12:1320(B) is not implicated because the liability is personal and not a liability of the business.

> But, under the *Ogea* analysis, a court would have to determine whether an "exception" to limited liability was met. Analyzing the "negligent or wrongful act" exception, the "tort" factor would be present. The member, however, did not commit any crime, was acting in furtherance of the LLC's contract to deliver the package, and was acting in his capacity as member and employee of the LLC. Three factors would weigh against holding the member personally liable, and one factor would weigh in favor of liability. Because, as the Court stated, no single factor is automatically dispositive, a court could easily find no personal liability existed in this situation even though the member should clearly be personally liable under traditional tort law.

Thomas Bourgeois, *Mirror, Mirror: Amending Louisiana's LLC Statutes Related to Personal Liability of Members to Reflect Corporate Counterparts After Ogea v. Merritt,* 76 LA. L. REV. 1339, 1375-76 (2016).

The outcome the commentator poses in the hypothetical is what Biondo's Estate suggests is appropriate here. Simply stated, Biondo's Estate contends that

---

[11] *See Nunez*, 15-0087, p. 10, 180 So.3d at 293; *An Erny Girl, LLC v. BCMO 4, LLC*, 18-0360 (La. App. 4 Cir. 9/26/18), 257 So.3d 212; *Streiffner v. Deltatech Const'n*, LLC, 18-0155 (La. App. 4th Cir. 10/10/18), 318 So.3d 119.

*Ogea* factors 3 and 4 should outweigh factor 1. An analysis of the entire *Ogea* opinion dictates against the outcome Biondo's Estate seeks.

Nothing in *Ogea* suggests that the four factors were meant to be counted. *See U. S. Fid. & Guar. Co. v. Fiffie*, 211 So.2d 690, 692 (La. App. 4th Cir. 1968) (observing that "[w]itnesses are weighed and not counted" and that the "fundamental function of the trier of fact, be it judge or jury, is to determine the facts and this is not done by counting noses").[12] To the contrary, the Supreme Court in *Ogea* instructed courts to consider each of four factors when determining whether the presumption of limited liability must yield to the exception for negligent or wrongful acts. 13-1085, p. 24, 130 So.3d at 905.

The Supreme Court in *Ogea* further instructed courts that a single factor—especially factor 1, the Tort Factor—can be dispositive. 13-1085, p. 24, 130 So.3d at 905. (observing that "the tort factor may be dispositive"). Additionally, the Supreme Court observed that "upon a showing that a member owed a personal duty in tort to the claimant, the breach of such duty could pave the way to a member's personal liability for the tort." *Ogea*, 13-1085, p. 24, 130 So.3d at 905.[13] Moreover, the Supreme Court instructed courts to evaluate each situation on a case-by-case basis. *Ogea,* 13-1085, p. 24, 130 So.3d at 905.

Biondo's Estate's attempt to cabin the analysis of the *Ogea* factors to the employment-rooted nature of Mr. Biondo's actions and the connection of his

---

[12] Indeed, *Ogea* was decided on a full record following a trial on the merits, not on a summary judgment motion.

[13] *Ogea* factor 4 (Acting Outside the LLC Factor), in this context, could be construed to mean that an employee is acting outside the LLC when he commits acts of personal negligence. *See W.J. Spano Co., Inc. v. Mitchell*, 05-2115, p. 4 (La. App. 1 Cir. 9/15/06), 943 So.2d 1131, 1133 (observing that "'[o]utside one's capacity as a member' would, however, refer to other acts of professional or personal negligence").

actions to the contract between FANO and Ms. Davis is misplaced. This attempt ignores the presence of Mr. Biondo's personal duties to the passengers. The question of whether there is a duty is a legal one; "[s]imply put, the inquiry is whether the plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support his claim.'" *Ogea*, 13-1085, p. 24,130 So.3d at 905 (quoting *Faucheaux v. Terrebonne Consol. Government*, 615 So.2d 289, 292 (La. 2/22/93). Here, the source of Mr. Biondo's personal duties, as Hilliard Plaintiffs emphasize, is the FAA. *See Cosey On Behalf of Hilliard*, 19-0785, p. 9, ___ So.3d at ____, 2020 WL 6687515, *5 (observing that FAA regulations "clearly apply to operators and pilots").

As the Supreme Court observed in *Ogea*, "if an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third person, and it does not matter that liability might also attach to the corporation." *Ogea*, 13-1085, p. 17, 130 So.3d at 901 (quoting *Bernard*, 318 So.2d at 12). Continuing, the Supreme Court in *Ogea* observed that "'LLCs are not different from corporations in any sense that would justify a different approach to such questions of personal liability.'" 13-1085, p. 17, 130 So.3d at 901 (quoting 8 GLENN G. MORRIS & WENDELL H. HOLMES, LOUISIANA CIVIL LAW TREATISE: BUSINESS ORGANIZATIONS, § 44.06 (2013 ed.)). It follows that an employee of an LLC who injures a third party to whom he owes a personal duty is not shielded from personal liability by La. R.S. 12:1320.

Based on these principles, we conclude that Mr. Biondo's status as an LLC employee does not insulate him from potential personal liability for any breach of

the personal duty he owed to the passengers of the aircraft. Although we do not reach the issue of whether Hilliard Plaintiffs will succeed on the merits of their negligence claim against Mr. Biondo at trial, we find there are genuine issues of material fact, which preclude summary judgment, on this issue. *See Priority Hosp. Grp., Inc. v. Manning*, 53,564, pp. 10 (La. App. 2 Cir. 9/23/20), 303 So.3d 1106, 1113, *writ denied*, 20-01238 (La. 1/20/21), 308 So.3d 1160 (observing that summary judgment could not be granted on whether the fraud exception applied given that there were "genuine issues of material fact regarding fraud"). We, thus, find the trial court erred in granting Biondo's Estate's summary judgment motion.

## **DECREE**

For the foregoing reasons, the trial court's judgment is reversed; and this matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**